## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARKANSAS DAIRY COOPERATIVE ASSOCIATION, Inc. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:08-CV-01426 (EGS)

### UNOPPOSED MOTION TO INTERVENE
### OF THE INTERNATIONAL DAIRY FOODS ASSOCIATION

The International Dairy Foods Association ("IDFA") hereby moves this Court under Fed. R. Civ. P. 24(a) and (b) to intervene in the above-captioned action, in opposition to Plaintiffs' Complaint for Declaratory Relief and for Temporary, Preliminary and Permanent Relief.  IDFA members, as purchasers of milk, have a critical interest in this action, in which plaintiffs seek to enjoin the U.S. Department of Agriculture's revised milk pricing regulations from going into effect.

All parties have indicated that they do not oppose IDFA's motion or its intervention in this action.

### I.    IDFA AND ITS MEMBERS HAVE A VITAL INTEREST IN THIS ACTION.

IDFA represents the nation's dairy manufacturing and marketing industries and their suppliers, with a membership of approximately 530 companies representing a $110-billion a year industry.  IDFA is composed of three constituent organizations: the Milk Industry Foundation (MIF), the National Cheese Institute (NCI) and the International Ice Cream Association (IICA).  IDFA's approximately 220 dairy processing members run more than 600 plant operations, and range from large multi-national organizations to single-plant companies.

Together they represent more than 85% of the milk, cultured products, cheese and frozen desserts produced and marketed in the United States.

As buyers and processors of milk, the members of IDFA and its constituent organizations have a critical interest in this action. Most of the milk bought and handled by IDFA members is purchased under the Federal Milk Marketing Orders promulgated pursuant to the Agricultural Marketing Agreement Act of 1937, as amended ("AMAA"), 7 U.S.C. §§ 601 *et seq.*

The Federal Milk Marketing Orders establish the minimum price that processors must pay for milk components by "product price formulas," by taking the market price being paid for finished dairy products such as cheese and butter, and make adjustments to that price based upon the cost of making those products (the "make allowance") and the pounds of finished product that can be made from a given number of pounds of milk components (the "yield factor"). The make allowance dictate the amount that a processor retains to pay all of its costs, with respect to the dairy products used to set the minimum prices it must pay its farmer suppliers for their milk. It is IDFA's members, not dairy farmers as such, that are regulated by the mandatory provisions of the orders.

On July 31, 2008, the USDA published an Interim Final Rule adopting new make allowances and making one other adjustment to the pricing formulas. *See* 73 Fed. Reg. 44617 (July 31, 2008). That Interim Final Rule followed the earlier publication of a Tentative Partial Final Decision, *see* 73 Fed. Reg. 35306 (June 20, 2008). The Interim Final Rule and Tentative Partial Final Decision were the result of three extensive noticed public hearings, which took place in Strongsville, Ohio from February 26–March 2, 2007, in Indianapolis, Indiana, from April 9–13, 2007, and in Pittsburgh, Pennsylvania, from July 9–11, 2007. The hearings featured

2

testimony from numerous witnesses.  IDFA and its members were deeply involved in all three hearings, providing testimony and cross examining witnesses.

The Interim Final Rule would increase the make allowances, thus reducing (somewhat) the mandatory minimum prices that processors such as IDFA members must pay for milk.

## II.    THIS COURT SHOULD GRANT IDFA'S MOTION TO INTERVENE.

### A.    Intervention As of Right.

IDFA should be permitted intervention as of right pursuant to Fed. R. Civ. P. 24(a).  Fed. R. Civ. P. 24(a) provides for intervention as of right if each of the following tests are met: (1) the motion is timely made, (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) the interest could be impaired or impeded as a result of the litigation; and (4) existing parties do not adequately represent the applicant's interests.  Fed. R. Civ. P. 24(a); *see Fund for Animals, Inc.  v. Norton,* 322 F.3d 728, 731 (D.C. Cir. 2003).  IDFA's intervention satisfies each of these criteria.[1]

---

[1]    For purposes of applying Rule 24 requirements, IDFA may assert the interests of its members.  An association may act on behalf of its members when its members would otherwise have standing in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.,* 528 U.S. 167, 181 (2000); *accord City of Waukesha v. EPA,* 320 F.3d 228, 233 (D.C. Cir. 2003).  By showing *infra* that Rule 24 requirements are met, IDFA also establishes that IDFA members would themselves have standing, *see Roeder v. Islamic Republic of Iran,* 333 F.3d 228, 233 (D.C. Cir. 2003).  Representation in litigation is germane to IDFA's overall purpose of advancing the interests of the dairy industry, and "mere pertinence between litigation subject and organizational purpose is sufficient." *National Lime Ass'n v. EPA,* 233 F.3d 625, 636 (D.C. Cir. 2000).  It is not necessary for IDFA's members to be included in this case individually, especially because no monetary relief is being sought, *see City of Waukesha,* 320 F.3d at 236.  IDFA thus satisfies the three requirements of associational standing.

1.    **IDFA Has Timely Moved for Intervention.**

IDFA has filed this motion two business days after the complaint was filed, and before any substantive responsive pleadings have been filed. IDFA's motion is therefore timely.

2.    **IDFA Possesses a Cognizable Interest Which May Be Impaired or Impeded as a Result of this Proceeding.**

IDFA members have a direct and vital interest in the minimum prices set by federal milk marketing orders, since they are the ones who must pay those prices. IDFA members therefore have a direct financial stake in whether the recent amendments to those minimum prices are implemented, because those amendments directly affect IDFA members' minimum payment obligations. Given that they are the ones who make the required payments, it is to a substantial extent, the activities of IDFA and its members that are "the object of" both the federal milk price regulations and the plaintiffs' multi-prong legal challenges to the amendments that would reduce IDFA members' minimum payment obligations. *See Sierra Club v. EPA*, 292 F.3d 895, 899-900 (D.C. Cir. 2002) (party has standing when its activities are the ultimate object of the legal challenge); *see also* Fed. R. Civ. P. 24 advisory committee's note on the 1966 amendments ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . .").

Private parties may accordingly intervene in defense of challenged conduct when their interests could be directly affected. *See Fund for Animals*, 322 F.3d at 733 (foreign governmental agency may intervene in defense of legal challenge to federal regulations that would, if successful, limit sports hunting by U.S. citizens in that country; the country's sheep "are the subject of the disputed regulations"); *Ross v. Marshall*, 426 F.3d 745, 757 n.46 (5th Cir. 2005) ("With respect to a potential intervenor seeking to *defend* an interest being attacked by a plaintiff in a lawsuit, we have observed that the intervenor is a real party in interest when the suit

was intended to have a 'direct impact' on the intervenor."); *Conservation Law Found. of New England v. Mosbacher*, 966 F.2d 39, 43 (1st Cir. 1992) (fishing groups may intervene to defend lawsuit seeking to force federal government to change the regulatory status quo, when "changes in the rules will affect the proposed intervenors' businesses, both immediately and in the future") (citation omitted).

### 3.     IDFA's Interest Will Not Be Adequately Protected By Plaintiffs or USDA.

An applicant for intervention need only show that representation of its interest by an existing party "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538-39 & n.10 (1972); *Fund for Animals*, 322 F.3d at 735 (citing *Trbovich*). The burden of the applicant in meeting that test is treated as "minimal." *Id.*

In this case, plaintiffs' positions are inimical to that of IDFA, and USDA's "obligation is to represent the interests of the American people . . . while [IDFA's] concern is for" the interests of IDFA's members, *see Fund for Animals*, 322 F.3d at 736 (granting intervention). As the Supreme Court explained in *Trbovich*, a government agency cannot be characterized as able to adequately represent the interests of an intervenor if the agency has substantially similar interests to a potential intervenor, but has a statutory charge to pursue a different goal as well. *Trbovich*, 404 U.S. at 538-39. Here, while the goals of the AMAA include such factors as the "market supply and demand for milk. . . products," see 7 U.S.C. § 608c(18), a factor that directly relates to IDFA members, these goals are not limited to those factors, *see id.* Although USDA's and IDFA's interests could be expected to coincide, these differing goals support IDFA's intervention as of right, *see Fund for Animals*, 322 F.3d at 736 ("we have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors"); *see also id.* at 737 (government cannot be expected to protect the

financial interest of private party intervenor, citing *Dimond v. District of Columbia*, 792 F.2d

179, 192-93 (D.C. Cir. 1986)).

Because its interests are not adequately represented by either plaintiffs or USDA,

IDFA should be allowed to intervene in this case as of right.

## III.    IN THE ALTERNATIVE, IDFA QUALIFIES FOR PERMISSIVE INTERVENTION UNDER RULE 24(b).

Fed. R. Civ. P. 24(b)(2) provides, in pertinent part:

> Upon timely application anyone may be permitted to intervene in
> an action . . . when an applicant's claim or defense and the main
> action have a question of law or fact in common. . . . In exercising
> its discretion the court shall consider whether the intervention will
> unduly delay or prejudice the adjudication of the rights of the
> original parties.

IDFA's and USDA's defenses to plaintiffs' action will involve common questions

of law and fact regarding the Government's fulfillment of its obligations under the statutes upon

which plaintiffs rely.  In addition, as shown above, IDFA has a substantial interest in the

outcome of this litigation.  Finally, IDFA applied to intervene in a timely manner, and no delay

or prejudice can be shown to the rights of the original parties herein.  Thus, if the Court does not

allow IDFA to intervene as of right, it should allow IDFA permissive intervention in the exercise

of its sound discretion.

For the foregoing reasons, IDFA meets the requirements for intervention pursuant

to Fed. R. Civ. P. 24(a) and 24(b), and respectfully requests that this Court grant this motion for

leave to intervene in this proceeding.

As required by Rule 24, IDFA's proposed answer to the Complaint is attached, as

is a proposed Order granting leave to intervene.

Respectfully submitted,

Steven J. Rosenbaum (D.C. Bar No. 31728)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone:  (202) 662-5568
Facsimile:  (202) 778-5568
srosenbaum@cov.com

*Counsel for International Dairy Foods Association*

August 19, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ARKANSAS DAIRY COOPERATIVE ASSOCIATION, INC.** *et al.*, | ) ) ) |
| Plaintiffs, | )     **Case No. 1:08-CV01426 (EGS)** |
| v. | ) ) |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** | ) ) ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

The motion of the International Dairy Foods Association ("IDFA") to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure is granted.

SO ORDERED.

_____
Emmet G. Sullivan
United States District Judge

DC: 2921939-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARKANSAS DAIRY COOPERATIVE ASSOCIATION, Inc. *et al.*, ) ) ) | |
| **Plaintiffs,** ) | Case No. 1:08-CV-01426 (EGS) |
| v. ) ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, ) ) ) | |
| **Defendant.** ) | |

**[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT-INTERVENOR INTERNATIONAL DAIRY FOODS ASSOCIATION**

1.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

2.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

3.     The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the Court to the Act and implementing regulations for a complete and accurate statement of its contents.

4.     The paragraph contains plaintiffs' characterization of the Food, Conservation and Energy Act of 2008.  Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

DC: 2421408-1

5.    Denied.

6.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

7.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

8.    Admitted as to the first sentence with respect to farmers delivering milk to federally regulated processors; admitted that USDA has published an estimate of the impacts of the amended make allowances, which speaks for itself, and denied as to the remainder of this paragraph.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

15.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

16.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

17.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

18.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

19.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

20.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

21.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

22.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

23.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

24.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

25.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

26.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

27.     The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the

Court to the Act and implementing regulations for a complete and accurate statement of its contents.

28.    The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the Court to the Act and implementing regulations for a complete and accurate statement of its contents.

29.    The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the Court to the Act and implementing regulations for a complete and accurate statement of its contents.

30.    The paragraph contains plaintiffs' characterization of the Food, Conservation and Energy Act of 2008.  Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

31.    Admitted

32.    Admitted

33.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

34.    Denied

35.    Admitted

36.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

37.    Admitted that USDA has published an estimate of the impacts of the amended make allowances, which speaks for itself, and denied as to the remainder of this paragraph.

38.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

39.    Denied

40.    The paragraph contains plaintiffs' characterization of the Administrative Procedure Act. Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

41.    The paragraph contains plaintiffs' characterization of Agricultural Marketing Agreement Act regulations. Defendant-intervenor respectfully refers the Court to those regulations for a complete and accurate statement of their contents.

42.    Denied

43.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

44.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

45.    The paragraph contains plaintiffs' characterization of the Administrative Procedure Act. Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

46.    Denied

47.    Denied insofar as the statement would exclude materials as to which official notice has been taken, and of precisely the same kind as were admitted during the hearing.

48.    Denied

49.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

50.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

51.    Denied insofar as the statement would exclude materials as to which official notice has been taken

52.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

53.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

54.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

55.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

56.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

57.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

58.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

59.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

60.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

61.     The paragraph contains plaintiffs' characterization of Agricultural Marketing Agreement Act. Defendant-intervenor respectfully refers the Court to that Act for a complete and accurate statement of its contents.

62.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

63.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

64.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

65.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

66.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

67.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

68.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

69.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

70.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

71.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

72.    The paragraph contains plaintiffs' characterization of Agricultural Marketing Agreement Act and its implementing regulations. Defendant-intervenor respectfully refers the Court to that Act and regulations for a complete and accurate statement of their contents.

73.    Denied

74.    Denied

75.    Denied

76.    Denied

77.    Denied

78.    Denied

79.    Denied

80.    Denied

81.    Denied

82.    Denied

83.    Denied

84.    Denied

85.    Denied

86.    Denied

87.     Denied

88.     Denied

89.     Denied

90.     Denied

91.     Denied

92.     Denied

93.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

94.     Denied

95.     Denied

96.     Denied

97.     Denied

98.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

99.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

100.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

101.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

102.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

103.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

104.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

105.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

106.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

107.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

108.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

109.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

110.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

## AFFIRMATIVE DEFENSES

1.  The plaintiffs have failed to state a claim upon which relief can be granted.

2.  The plaintiffs lack standing.

3.  The plaintiffs have failed to exhausted administrative remedies.

WHEREFORE, the defendant-intervenor prays this Court deny plaintiffs' request for temporary, preliminary or permanent relief, dismisses the complaint with prejudice and grants such further relief as the Court deems appropriate.

Respectfully submitted,

Steven J. Rosenbaum (D.C. Bar No. 331728)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone:  (202) 662-5568
Facsimile:  (202) 778-5568
srosenbaum@cov.com

*Counsel for International Dairy Foods Association*

August 19, 2008