# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARKANSAS DAIRY COOPERATIVE ASSOCIATION, Inc.** *et al.*, <br><br> **Plaintiffs,** <br> **v.** <br><br> **UNITED STATES DEPARTMENT OF AGRICULTURE,** <br><br> **Defendant.** | ) ) ) ) ) ) ) ) ) )     **Case No. 1:08-CV-01426 (EGS)** |

## [PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT-INTERVENOR INTERNATIONAL DAIRY FOODS ASSOCIATION

1.      The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

2.      The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

3.      The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the Court to the Act and implementing regulations for a complete and accurate statement of its contents.

4.      The paragraph contains plaintiffs' characterization of the Food, Conservation and Energy Act of 2008.  Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

5.    Denied.

6.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

7.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

8.    Admitted as to the first sentence with respect to farmers delivering milk to federally regulated processors; admitted that USDA has published an estimate of the impacts of the amended make allowances, which speaks for itself, and denied as to the remainder of this paragraph.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

15.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

16.    Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

17.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

18.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

19.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

20.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

21.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

22.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

23.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

24.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

25.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

26.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

27.     The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the

Court to the Act and implementing regulations for a complete and accurate statement of its contents.

28.     The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the Court to the Act and implementing regulations for a complete and accurate statement of its contents.

29.     The paragraph contains plaintiffs' characterization of the Agricultural Marketing Agreement Act and its implementing regulations.  Defendant-intervenor respectfully refers the Court to the Act and implementing regulations for a complete and accurate statement of its contents.

30.     The paragraph contains plaintiffs' characterization of the Food, Conservation and Energy Act of 2008.  Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

31.     Admitted

32.     Admitted

33.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

34.     Denied

35.     Admitted

36.     Defendant-intervenor is without information sufficient to form a belief as to the allegations contained in this paragraph.

37.     Admitted that USDA has published an estimate of the impacts of the amended make allowances, which speaks for itself, and denied as to the remainder of this paragraph.

38.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

39.     Denied

40.     The paragraph contains plaintiffs' characterization of the Administrative Procedure Act. Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

41.     The paragraph contains plaintiffs' characterization of Agricultural Marketing Agreement Act regulations. Defendant-intervenor respectfully refers the Court to those regulations for a complete and accurate statement of their contents.

42.     Denied

43.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

44.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

45.     The paragraph contains plaintiffs' characterization of the Administrative Procedure Act. Defendant-intervenor respectfully refers the Court to the Act for a complete and accurate statement of its contents.

46.     Denied

47.     Denied insofar as the statement would exclude materials as to which official notice has been taken, and of precisely the same kind as were admitted during the hearing.

48.    Denied

49.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

50.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

51.    Denied insofar as the statement would exclude materials as to which official notice has been taken

52.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

53.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

54.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

55.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response. To the extent any response is required, the defendant-intervenor denies the allegations.

56.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

57.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

58.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

59.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

60.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

61.     The paragraph contains plaintiffs' characterization of Agricultural Marketing Agreement Act. Defendant-intervenor respectfully refers the Court to that Act for a complete and accurate statement of its contents.

62.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

63.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

64.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

65.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

66.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

67.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

68.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

69.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

70.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

71.     The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

72.     The paragraph contains plaintiffs' characterization of Agricultural Marketing Agreement Act and its implementing regulations. Defendant-intervenor respectfully refers the Court to that Act and regulations for a complete and accurate statement of their contents.

73.     Denied

74.     Denied

75.     Denied

76.     Denied

77.     Denied

78.     Denied

79.     Denied

80.     Denied

81.     Denied

82.     Denied

83.     Denied

84.     Denied

85.     Denied

86.     Denied

87.    Denied

88.    Denied

89.    Denied

90.    Denied

91.    Denied

92.    Denied

93.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

94.    Denied

95.    Denied

96.    Denied

97.    Denied

98.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

99.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

100.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

101.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

102.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

103.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

104.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

105.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

106.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

107.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

108.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

109.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

110.    The statement represents a characterization of the plaintiffs' allegations and therefore requires no response.  To the extent any response is required, the defendant-intervenor denies the allegations.

**AFFIRMATIVE DEFENSES**

1.   The plaintiffs have failed to state a claim upon which relief can be granted.

2.   The plaintiffs lack standing.

3.   The plaintiffs have failed to exhausted administrative remedies.

WHEREFORE, the defendant-intervenor prays this Court deny plaintiffs' request for temporary, preliminary or permanent relief, dismisses the complaint with prejudice and grants such further relief as the Court deems appropriate.

Respectfully submitted,

Steven J. Rosenbaum (D.C. Bar No. 331728)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
srosenbaum@cov.com

*Counsel for International Dairy Foods Association*

August 19, 2008