IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARKANSAS DAIRY COOPERATIVE, Inc., et al.,

                    Plaintiffs,                    No. 1:08-CV-01426 (EGS)

          - v -

UNITED STATES DEPARTMENT OF
AGRICULTURE,
                    Defendant.

## UNOPPOSED MOTION TO INTERVENE AS PARTY DEFENDANTS BY
## AGRI-MARK, Inc., ASSOCIATED MILK PRODUCERS, Inc., FOREMOST FARMS USA COOPERATIVE, LAND O'LAKES, Inc., MICHIGAN MILK PRODUCERS ASS'N and NORTHWEST DAIRY ASSOCIATION

Dairy farmer cooperative associations, Agri-Mark, Inc., Associated Milk Producers, Inc., Foremost Farms USA Cooperative, Land O'Lakes, Inc., Michigan Milk Producers Association, and Northwest Dairy Association ("Agri-Mark, et al"), pursuant to Rule 24(a) and (b), Federal Rules of Civil Procedure, move to intervene in opposition to Plaintiffs' Complaint for Declaratory Relief, and for Temporary, Preliminary and Permanent Injunctive Relief from a USDA rulemaking decision.    This motion is supported as follows:

1.    Existing parties to the litigation do not oppose intervention by Agri-Mark, et al.  By email transmitted to counsel for Agri-Mark, et al., on Thursday, August 21, the following parties confirmed their non-opposition to intervention:  Plaintiffs, Arkansas Dairy Cooperative, et al., by Benjamin F. Yale, plaintiffs' counsel; USDA, by Kyle Freeny, U.S. Dept. of Justice; and intervenor-defendant-applicant, International Dairy Foods Ass'n., by Steven J. Rosenbaum, its counsel.  (Attachment A).

1

2.    The Motion for Intervention is timely.  The Complaint was filed on Friday, August 15, 2008.  This Motion is filed less than two weeks after the Complaint.  Intervenor-applicants are familiar with the Court's Scheduling Order of August 19, and will file their brief in opposition to Plaintiffs' Motion for Preliminary Injunction by August 28, 2008.

3.    Agri-Mark, et al., and more than 14,000 dairy farmer member-owners of the intervenor cooperative associations, have a direct and substantial interest in the milk pricing "make allowance" rules challenged by Plaintiffs, which interest may be impaired by this litigation. Intervenor-applicants own and operate, for benefit of their farmer-members, milk manufacturing plants that make commodity dairy products – cheese, whey products, nonfat dry milk powder, and butter.  "Make allowances" are part of USDA's Federal Milk Marketing Order product-price formula, and are intended to represent the cost incurred by manufacturers to make one pound of a commodity dairy product.   Intervenor-applicants were proponents, in the rulemaking proceeding, of proposal No. 1 for amendment to the manufacturing "make allowances" to allow greater recovery of costs incurred in manufacturing dairy products.   In the rulemaking decision challenged by Plaintiffs, USDA granted (in part) the proposals of Agri-Mark, et al., for amendments to the Federal Milk Order make allowances.   Agri-Mark, et al., are the real parties in interest with respect to the regulated make allowances challenged by Plaintiffs. 73 Fed. Reg. 35306, 35310-11, 35323-26 (June 20, 2008).

4.    Existing parties do not adequately represent the interests of Agri-Mark, et al., dairy cooperative associations.  Plaintiffs, of course, advocate interests in direct conflict with those of Agri-Mark, et al..  USDA's interest is in protecting its perceived public policy objectives and statutory obligations; it does not have a financial stake in the outcome.  Proposed intervenor, International Dairy Foods Association ("IDFA") is a trade association representing

milk manufacturing handlers, but does not represent dairy farmers or interests of dairy farmers who own and operate manufacturing plants in regulated federal milk markets.   In the course of the rulemaking hearing at issue, IDFA opposed hearing proposals 14 and 17 (72 Fed. Reg. 6179, 6182-83 (Feb. 9, 2007)), proposed or supported by Agri-Mark, et al.   A significant interest of Agri-Mark, et al., is to eliminate or mitigate the effect of inadequate make allowances in creating cross-subsidies, through the producer-settlement fund, from dairy farmers having significant ownership interest in cooperative manufacturing plants to dairy farmers with little or no manufacturing interests.  *See* 71 Fed. Reg. 67467, 67471 (Nov. 22, 2006).   Handlers, represented by IDFA, have "no financial interest in the fund or its use." *Stark v Wickard*, 321 U.S. 288, 308 (1944).  Agri-Mark, et al., also participated in the producer referendum/poll required by 7 U.S.C. §§ 608c(9) and (12) to approve the proposed regulations, and further seek to intervene to preserve the effect of their votes.

For the foregoing reasons, Agri-Mark, et al., meet the requirements for intervention pursuant to Rule 24(a) and (b), and respectfully request this Court to grant this motion for leave to intervene in this proceeding.   Agri-Mark, et al.'s proposed Order granting intervention, and proposed Answer, are attached.

August 25, 2008                                             Respectfully submitted

                                                                         S/
John H. Vetne (PHV-applicant)                    Susan Silber, Esq.
Attorney at Law                                            Silber, Perlman, Sigman & Tilev, P.A.
11 Red Sox Lane                                            7000 Carroll Ave., Suite 200
Raymond, NH 03077                                    Takoma Park, Maryland 20912
Phone: 603-895-4849                                    301-891-2200
Fax:    603-895-4849                                     301-891-2206 (fax)
johnvetne@comcast.net                               silber@sp-law.com


Attorneys for Agri-Mark, et al.

ATTACHMENT A

Confirmation of no opposition to intervention.

| **From:** | "Freeny, Kyle (CIV)" <Kyle.Freeny@usdoj.gov> |
| **To:** | <johnvetne@comcast.net>, <ryan@miltnerlawfirm.com>, <ben@yalelawoffice.com>, <srosenbaum@cov.com> |
| **Subject:** | RE: Arkansas Dairy Coop v USDA |
| **Date:** | Thursday, August 21, 2008 4:26:21 PM |

The government likewise does not oppose either motion.

**From:** johnvetne@comcast.net [mailto:johnvetne@comcast.net]
**Sent:** Thursday, August 21, 2008 3:49 PM
**To:** Freeny, Kyle (CIV); ryan@miltnerlawfirm.com; ben@yalelawoffice.com; srosenbaum@cov.com
**Subject:** Arkansas Dairy Coop v USDA

Gentlemen,

On behalf of AgriMark et al, proponents of proposal No. 1 in the milk product price formula hearing, I will be moving to intervene, and will file a brief next week.

Please confirm that I may file, as unopposed:
1 - motion to intervene, and
2 - pro hac vice motion (my membership in the DDC lapsed 20 years ago).

Ryan Miltner has already advised that plaintiffs will not oppose the motion to intervene.

--
John H. Vetne
Attorney at Law
11 Red Sox Lane
Raymond, NH 03077
603-895-4849

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act.

| **From:** | "Ben Yale" <ben@yalelawoffice.com> |
| **To:** | <johnvetne@comcast.net>, <kyle.freeny@usdoj.gov>, <ryan@miltnerlawfirm.com>, <srosenbaum@cov.com> |
| **Subject:** | RE: Arkansas Dairy Coop v USDA |
| **Date:** | Thursday, August 21, 2008 4:20:40 PM |

Arkansas Dairy and the others will not oppose either


Benjamin F. Yale
Yale Law Office, LP
P.O. Box 100
Waynesfield, OH 45896
ph 419-568-5751
fx  419-568-6413
ben@yalelawoffice.com

www.yalelawoffice.com
www.dairyrules.com

**From:** johnvetne@comcast.net [mailto:johnvetne@comcast.net]
**Sent:** Thursday, August 21, 2008 3:49 PM
**To:** kyle.freeny@usdoj.gov; ryan@miltnerlawfirm.com; ben@yalelawoffice.com; srosenbaum@cov.com
**Subject:** Arkansas Dairy Coop v USDA

Gentlemen,

On behalf of AgriMark et al, proponents of proposal No. 1 in the milk product price formula hearing, I will be moving to intervene, and will file a brief next week.

Please confirm that I may file, as unopposed:
1 - motion to intervene, and
2 - pro hac vice motion (my membership in the DDC lapsed 20 years ago).

Ryan Miltner has already advised that plaintiffs will not oppose the motion to intervene.


--
John H. Vetne
Attorney at Law
11 Red Sox Lane
Raymond, NH 03077
603-895-4849

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act.

| | |
|---|---|
| **From:** | "Rosenbaum, Steven" <srosenbaum@cov.com> |
| **To:** | <johnvetne@comcast.net>, <kyle.freeny@usdoj.gov>, <ryan@miltnerlawfirm.com>, <ben@yalelawoffice.com> |
| **Subject:** | RE: Arkansas Dairy Coop v USDA |
| **Date:** | Thursday, August 21, 2008 4:05:13 PM |

IDFA will not oppose either motion.

**From:** johnvetne@comcast.net [mailto:johnvetne@comcast.net]
**Sent:** Thursday, August 21, 2008 3:49 PM
**To:** kyle.freeny@usdoj.gov; ryan@miltnerlawfirm.com; ben@yalelawoffice.com; Rosenbaum, Steven
**Subject:** Arkansas Dairy Coop v USDA

Gentlemen,

On behalf of AgriMark et al, proponents of proposal No. 1 in the milk product price
formula hearing, I will be moving to intervene, and will file a brief next week.

Please confirm that I may file, as unopposed:
1 - motion to intervene, and
2 - pro hac vice motion (my membership in the DDC lapsed 20 years ago).

Ryan Miltner has already advised that plaintiffs will not oppose the motion to
intervene.


--
John H. Vetne
Attorney at Law
11 Red Sox Lane
Raymond, NH 03077
603-895-4849

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the use of the
intended recipient(s). Unauthorized interception, review, use or disclosure is
prohibited and may violate applicable laws including the Electronic
Communications Privacy Act.

ATTACHMENT B

Agri-Mark, et al.,  Proposed Answer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARKANSAS DAIRY COOPERATIVE, Inc., et al.,

                    Plaintiffs,                   No. 1:08-CV-01426 (EGS)

       - v -

UNITED STATES DEPARTMENT OF
AGRICULTURE,

                  Defendant.

**[Proposed]**
**ANSWER AND AFFIRMATIVE DEFENSES**
**of Defendants-Intervenors Agri-Mark, et al.**

Defendants-Intervenors, Agri-Mark, et al., answer the numbered paragraphs of

Plaintiffs' Complaint as follows:

1.     This paragraph is a narrative characterization of plaintiffs' pleading, rather than

allegations of fact, to which no answer is required.  To the extent any response is

required, defendants-intervenors deny the allegations.

2.     This paragraph is a narrative characterization of plaintiffs' pleading, rather than

allegations of fact, to which no answer is required.  To the extent any response is

required, defendants-intervenors deny the allegations.

3.     This paragraph contains plaintiffs' characterizations of statutory or regulatory law

to which no answer is required.  To the extent an answer may be required, the allegations

are denied, and the Court is respectfully referred to the full text of the statute and rules

cited by plaintiffs for a complete statement of their contents.

4.     This paragraph contains plaintiffs' characterizations of statutory or regulatory law

to which no answer is required.  To the extent an answer may be required, the allegations

1

are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

5.      Denied.

6.      This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations

7.      This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

8.      The first sentence is admitted to the extent it is intended to refer to "producer milk," as defined in various milk marketing order rules, in transactions regulated under the milk marketing orders.  Deny second sentence.  Admit that USDA has published an economic analysis, to which the Court is referred, and denied as to the remaining allegations and characterizations in this paragraph.

9.      Denied.

10.     This paragraph contains argument of law, rather than allegations of fact, to which no answer is required.  To the extent any response is deemed to be required, defendants-intervenors deny the allegations.

11.     This paragraph contains argument of law, rather than allegations of fact, to which no answer is required.  To the extent any response is deemed to be required, defendants-intervenors deny the allegations.

12.     This paragraph contains argument of law, rather than allegations of fact, to which no answer is required.  To the extent any response is deemed to be required, defendants-intervenors deny the allegations.

13.     This paragraph contains argument of law, rather than allegations of fact, to which no answer is required.  To the extent any response is deemed to be required, defendants-intervenors deny the allegations.

14.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

15.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

16.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

17.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

18.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

19.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

20.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

21.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

22.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

23.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

24.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

25.     Defendants-intervenors are without information sufficient to form a belief as to the allegations contained in this paragraph, and the allegations are therefore denied.

26.     This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

27.     This paragraph contains plaintiffs' characterizations of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

28.     This paragraph contains plaintiffs' characterizations of Plaintiffs' pleading and of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

29.     This paragraph contains plaintiffs' characterizations of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

30.     This paragraph contains plaintiffs' characterizations of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

31.     Admitted, and Plaintiffs respectfully refer the Court to the cited rule or statute for its full text and context.

32.     Admitted, and Plaintiffs respectfully refer the Court to the cited rule or statute for its full text and context.

33.     Denied.

34.     Denied.

35.     Admitted, except that the "blended price" to which Plaintiffs refer is calculated for each producer by additional adjustments to which Plaintiffs have not referred.

36.     Denied, except to admit that USDA published an economic analysis of impact of the proposed rules.

37.     Denied, except to admit that USDA published an economic analysis of impact of the proposed rules.

38.     This paragraph contains arguments of law and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

39.     Denied.

40.      This paragraph contains plaintiffs' characterizations of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the

allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

41.    This paragraph contains plaintiffs' characterizations of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

42.    Denied.

43.    This paragraph contains arguments of law and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

44.    This paragraph contains arguments of law and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

45.    Denied.

46.    Denied.  Intervenors further state that the allegations fail to allow for agency reliance, in a Decision, on material subject to official notice pursuant to 7 C.F.R. § 900.8(d)(5), 5 U.S.C. §556(e), and Rule 201(f), Federal Rules of Evidence.

47.    Denied, as the allegations fail to allow for agency reliance, in a Decision, on material subject to official notice pursuant to 7 C.F.R. § 900.8(d)(5), 5 U.S.C. §556(e), and Rule 201(f), Federal Rules of Evidence.

48.    Denied.

49.     This paragraph contains characterization and arguments of statutory law, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

50.      Denied, except to admit that the cited Economic Analysis published by USDA has a date thereon of March 2008.

51.     Denied.

52.     This paragraph is a narrative characterization of plaintiffs' view of USDA's rulemaking decision, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

53.     This paragraph is a narrative characterization of plaintiffs' view of USDA's rulemaking decision, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

54.     This paragraph contains arguments of law and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

55.     This paragraph contains arguments of law and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

56.     This paragraph contains plaintiffs' characterizations of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

57.     This paragraph is a narrative characterization of plaintiffs' view of USDA's rulemaking proceeding and of statutory law, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

58.     This paragraph contains arguments of law and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

59.     This paragraph contains arguments of law and a narrative characterization of plaintiffs' view of USDA's rulemaking proceeding, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

60.     This paragraph contains arguments of law and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

61.     This paragraph contains plaintiffs' characterizations of statutory or regulatory law to which no answer is required.  To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute and rules cited by plaintiffs for a complete statement of their contents.

62.     This paragraph contains arguments of law and a narrative characterization of plaintiffs' view of USDA's rulemaking decision-making, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

63.    This paragraph contains a narrative characterization of plaintiffs' view of USDA's rulemaking decision-making, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

64.    This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

65.    This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

66.    This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

67.    This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

68.    This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

69.     This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

70.     This paragraph contains argument and plaintiffs' characterizations of statutory and regulatory law, and of judicial decisions, to which no answer is required. To the extent an answer may be required, the allegations are denied, and the Court is respectfully referred to the full text of the statute, rules and cases cited by plaintiffs for a complete statement of their contents.

71.     This paragraph contains a narrative characterization of plaintiffs' view of USDA's rulemaking decision-making, rather than allegations of fact, to which no answer is required. To the extent any response is required, defendants-intervenors deny the allegations.

72.     This paragraph contains a narrative characterization of plaintiffs' view of USDA's rulemaking decision-making process or of statutes and regulations, rather than allegations of fact, to which no answer is required. To the extent any response is required, defendants-intervenors deny the allegations.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     This paragraph contains a narrative characterization of plaintiffs' view of USDA's rulemaking decision-making process, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     This paragraph is a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

99.     This paragraph is a narrative characterization of plaintiffs' pleading and prayer for relief, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

100.     This paragraph is a narrative characterization of plaintiffs' pleading and prayer for relief, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

101.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

102.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

103.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

104.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

105.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

106.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

107.     This paragraph is a narrative characterization of plaintiffs' pleading and prayer for relief, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

108.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

109.     This paragraph contains argument and a narrative characterization of plaintiffs' pleading, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

110.     This paragraph is a narrative characterization of plaintiffs' pleading and prayer for relief, rather than allegations of fact, to which no answer is required.  To the extent any response is required, defendants-intervenors deny the allegations.

## AFFIRMATIVE DEFENSES

A.     Plaintiffs fail to state a claim upon which relief can be granted.

B.     Plaintiffs failed to join indispensable parties.

C.     Plaintiffs failed to preserve their claims or exhaust administrative remedies in the course of the administrative hearing.

13

WHEREFORE, defendants-intervenors pray that this Court: deny Plaintiffs'
requests for temporary, preliminary or permanent injunctive relief; dismiss the Complaint
with prejudice; and grant such further relief as may be appropriate.

Respectfully submitted,

S/

| | |
|---|---|
| John H. Vetne (PHV-applicant) | Susan Silber, Esq. |
| Attorney at Law | Silber, Perlman, Sigman & Tilev, P.A. |
| 11 Red Sox Lane | 7000 Carroll Ave., Suite 200 |
| Raymond, NH 03077 | Takoma Park, Maryland 20912 |
| Phone: 603-895-4849 | 301-891-2200 |
| Fax:    603-895-4849 | 301-891-2206 (fax) |
| johnvetne@comcast.net | silber@sp-law.com |

Attorneys for Agri-Mark, Inc., Associated Milk Producers, Inc., Foremost Farms USA
Cooperative, Land O'Lakes, Inc., Michigan Milk Producers Association, and Northwest
Dairy Association

ATTACHMENT C

Proposed Order Granting Motion to Intervene

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARKANSAS DAIRY COOPERATIVE, Inc., et al.,

                    Plaintiffs,                    No. 1:08-CV-01426 (EGS)

          - v -

UNITED STATES DEPARTMENT OF
AGRICULTURE,
                    Defendant.

### [PROPOSED] ORDER

The Motion of Agri-Mark, et al., to intervene in this action as party-defendants,

pursuant to Rule 24, Federal Rules of Civil Procedure, is granted.


SO ORDERED.


                         _____
                         Emmet G. Sullivan
                         United States District Judge


Date: _____